## JOHNSON *v.* The BOARD of TRUSTEES of the STATE MARINE HOSPITAL.

Where the charter of an old Hospital was repealed, and a charter granted to a new one; the officers of the former were directed to deliver to the trustees of the latter, "all property, real and personal, held by them in trust for the old institution." And the same act makes it the duty of the new institution, "to pay out of any funds which may come into its hands, all of the debts which may be owing by the old one." The new corporation is bound to pay all such debts, without regard to the sufficiency of the fund derived from the corporation.

APPEAL from the Fourth Judicial District.

This case originated in a writ of mandamus issued from the District Court, upon which a judgment *pro forma* was taken for the defendants, by agreement of counsel, with the view to have the question decided on appeal to this Court.

The only question presented was, whether under the 13th section of the act of April 3rd, 1851, statutes 1851, p. 514, it is the duty of the trustees, the defendants, to pay the debts owing by the former hospital, out of the general funds in their hands; or whether their authority was limited to pay out of certain special funds appropriated to the purpose, which were insufficient to discharge said debts.

*Randolph,* attorney for plaintiff.

*Lockwood,* for appellant.

The opinion of the Court was delivered by

HEYDENFELDT, Justice. The charter of the old Hospital was repealed by the legislature, but a clause of the repealing section provided against the extinguishment of the debts which it owed.

The new Hospital was at the same time chartered, and the 13th section of the act makes it the duty of the board of health of the old institution to deliver to the trustees of the new one, all property, real and personal, held by them in trust for the old Hospital; and further makes it the duty of the trustees of the new Hospital, to "pay out of any funds which may come into their hands, all of the debts which may be owing" by the old Hospital.

It is now insisted by the Trustees of the new Hospital, that they are not required by the charter to pay the debts of the old corporation, except out of the funds they received from it, or some special fund provided for the purpose.

It was evidently the intention of the legislature, that the debts of the old corporation should be paid, and for this reason their extinguishment was provided against. If, then, it was intended that the debts should only be paid out of the funds derived from the old corporation, it would be manifestly gross injustice. All the property, real and personal, of the old corporation, passed to the new, and this property is in no respect made liable to pay the debts. The Trustees are charged with the duty of paying the debts "out of any funds which may come into their hands," but the new corporation is not made liable to be sued for those debts, and have its property taken in execution.

Again, the Trustees are required to pay "all the debts." How can this trust be performed, if their disbursements on account of these debts, be limited to a fund which is shown by the record to be insufficient, and which may be already exhausted.

The terms "all of the debts," and "out of any funds which may come into their hands," I consider too explicit to be the subject of construction.

> The judgment is reversed, and it is ordered that judgment be here rendered, such as the Court below should have rendered.